IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:19-CR-96 |
| | ) | |
| ANTHONY NATHAN SMITH | ) | |

MOTION NO. 1 OF ANTHONY NATHAN SMITH FOR DISMISSAL OF COUNT SIX
OF INDICTMENT BECAUSE OF THE DESTRUCTION BY LAW ENFORCEMENT
OFFICERS OF CRITICAL EVIDENCE
VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS

Comes Anthony Nathan Smith, by and through counsel, and respectfully moves the Court for the dismissal of Count 6 of the Indictment against him in this cause, which stems from his arrest on February 7, 2019, by officers of the Hamilton County Sheriff's Office, by reason of the destruction of video and audio evidence pertaining to such arrest, all of which violates his right to due process and a fair trial, for the reasons as follows:

1. Count 6 of the Indictment, charging an offense of possession of methamphetamine with intent to distribute, pertains to items found and seized by law enforcement officers from a backpack allegedly found by them in the back seat area of a vehicle during and following the unlawful stop by officers with the Hamilton County Sheriff's Department of the vehicle in which Anthony Nathan Smith was a passenger on February 7, 2019.

2. Among the items seized from the Acura automobile in which Anthony Nathan Smith was riding in the front passenger seat on February 7, 2019, was a backpack allegedly found by law enforcement officers in the rear seat area allegedly containing a quantity of methamphetamine.

3. Anthony Nathan Smith told the arresting officers on February 7, 2019, that he had no knowledge of any methamphetamine in a backpack in the Acura automobile in which he was a passenger on February 7, 2019, and assured them that he never possessed the backpack which is the subject of this motion.

4. Anthony Nathan Smith has filed a separate Motion to Suppress in which he alleges that the stop of the Acura automobile on February 7, 2019, was in violation of his constitutional rights, and consequently any evidence seized as a result thereof, and without the consent of anyone to search that vehicle was the fruit of the poisonous tree and therefore must be suppressed.

5. What happened before, during and after the stop by law enforcement officers of the Acura automobile on February 7, 2019, is critical to the determination of whether the constitutional rights of Anthony Nathan Smith were violated on that occasion by law enforcement officers.

6. Anthony Nathan Smith was charged and arrested on February 7, 2019, for possession of methamphetamine on that date in Hamilton County, Tennessee, and has been continuously confined since that time

7. Anthony Nathan Smith also believed there were video and audio records made by law enforcement officers at the time of his arrest on February 7, 2019, which would verify his claim of the violation of his constitutional rights on that occasion, and of what he then told officers about his lack of knowledge of the contents of the backpack and that he never had possession of it.

8. As a result of the state criminal charges filed against him in Hamilton County, Tennessee, following his arrest on February 7, 2019, Anthony Nathan Smith participated in a preliminary hearing before the General Sessions Court for Hamilton County, Tennessee, in <u>State of Tennessee vs. Anthony Nathan Smith, et al.</u> Docket Nos. 1751412 and 1751413, a recording of which was made, and a copy of which recording his counsel has obtained from Assistant District Attorney Brian Bush of the Hamilton County District Attorney's Office, and has been provided to the U.S. Attorney's Office in discovery in this case by counsel for Anthony Nathan Smith.

9. At the request of counsel for Anthony Nathan Smith, a transcript of the recording of that preliminary hearing has been prepared by Barringer Court Reporting, and also provided by Mr. Smith's counsel to the U.S. Attorney's Office in discovery in this case.

10. Attached hereto as Exhibit A are selected pages from the transcript of that preliminary hearing in which Officer Cole Stevens of the Hamilton County Sheriff's Office testifies, on pages 28 and 29, that there was a video and audio recording made of some of the events leading to the arrest of Mr. Smith on February 7, 2019, and who promised Mr. Smith and his counsel that it would be preserved.

11. That transcript also contains the testimony of Officer Andrew Voss of the Hamilton County Sheriff's Office that there was video and audio recordings made of some of the events surrounding the arrest on February 7, 2019. See pages 60 and 61 of Exhibit A attached.

12. When inquiring about obtaining a copy of said video and audio recordings, counsel for Mr. Smith has now been advised by the U.S. Attorney's office that such recordings have now been destroyed by law enforcement officers.

13. For such vital evidence to be destroyed, after assurances were given under oath that it would be preserved by law enforcement officials, it seems unlikely that the destruction of such recordings could have innocently occurred, and Anthony Nathan Smith would submit that the destruction of such material evidence was surely by design and in bad faith by officials with the Hamilton County Sheriff's Department or other law enforcement officials.

14. Anthony Nathan Smith would submit that such video and audio recordings are likely to provide exculpatory evidence, or information supporting his motion to suppress the evidence seized on February 7, 2019, and that the Hamilton County Sheriff's Office acted in bad faith in failing to preserve such critical evidence, particularly when the exculpatory value of such evidence was apparent before its destruction, and that the nature of that audio and video evidence is such that Mr. Smith is unable to obtain comparable evidence by other reasonably available means.

WHEREFORE, for the reasons aforesaid, Anthony Nathan Smith respectfully moves the Court to conduct an evidentiary hearing for the purpose of determining who destroyed the video

and audio evidence from the arrest of Mr. Smith on February 7, 2019, and that if from said hearing the Court determines that law enforcement officials acted in bad faith in failing to preserve such video and audio recordings as evidence in this case, that Count 6 of the Indictment against Mr. Smith in this case be dismissed for violation of his right to due process and a fair trial.

/s/Jerry W. Laughlin
Jerry W. Laughlin (BPR#002120)
Counsel for Defendant Anthony Nathan Smith

LAUGHLIN, NUNNALLY, HOOD & CRUM, PC
100 South Main Street
Greeneville, TN 37743
423-639-5183

## CERTIFICATE OF SERVICE

I hereby certify that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 19th day of June, 2020.

/s/Jerry W. Laughlin
Jerry W. Laughlin

L:\Criminal\Smith, Anthony (U.S. vs.) 19-2101\Motion No. 1 to Dismiss Count Six of Indictment