IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Case No. 2:19-CR-96 |
| | ) | |
| ANTHONY NATHAN SMITH | ) | |

**MEMORANDUM IN SUPPORT OF MOTION NO. 1 OF
ANTHONY NATHAN SMITH FOR DISMISSAL OF COUNT SIX OF
THE INDICTMENT BECAUSE OF THE DESTRUCTION OF LAW
ENFORCEMENT OFFICERS OF CRITICAL EVIDENCE
VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS**

Anthony Nathan Smith has moved to dismiss Count 6 of the Indictment against him in this case because of the destruction by law enforcement officers of critical evidence, consisting of video and audio recordings of the stop and detention by law enforcement officers of the vehicle in which he was a passenger in the front seat thereof on February 7, 2019, and the subsequent search of that vehicle, and submits that if this has occurred it was in violation of his right to receive such evidence, and violated his right to due process in this case.

It is submitted that in general the Government is required to preserve all evidence subject to disclosure under any of the Federal Rules of Criminal Procedure or under Brady v. Maryland, 373 U.S. 83(1963), Giglio v. United States, 405 U.S. 150 (1972). See also United States v. Tincher, 907 S. 2d 600, 602 (6th Cir. 1990) and United States v. Clark, 957 F. 2d 248, 251 (6th Cir. 1993).

-1-

Mr. Smith has filed a separate motion to suppress challenging the stop and detention by law enforcement officers of the vehicle in which he was a passenger on February 7, 2019, and the search of that vehicle on that day.

At the preliminary hearing in the Hamilton County, Tennessee General Sessions Court on state charges resulting from his arrest on February 7, 2019, and shortly after February 7, 2019, the arresting officers admitted that some audio and video recordings were made of some portion of that incident, and agreed to preserve those recordings.

The significance of those audio and video recordings should have been readily apparent on that date of his arrest, and certainly that significance was emphasized at the preliminary hearing on the state charges where both of the officers involved testified, and when those officers specifically agreed to preserve them. In fact, Mr. Smith cannot fathom that there is any reason they would not have been preserved, but instead he submits that because those items would be evidence of the violation of his constitutional rights, it was bad faith on the part of law enforcement authorities to destroy or otherwise not preserve those recordings.

Therefore, because law enforcement agents did not act in good faith in destroying such evidence, after promising under oath to preserve them, and the nature of the evidence is such that Mr. Smith is unable to obtain comparable evidence by other reasonable available means, he submits that the destruction thereof by law enforcement is in violation of his due process rights in this case, and for that reason Count 6 of the Indictment must be dismissed.

WHEREFORE, for the reasons aforesaid, Mr. Smith respectfully submits that Count 6 of the Indictment in this case against him must be dismissed because of this egregious violation of his due process rights in this case that cannot now be remedied.

/s/Jerry W. Laughlin
Jerry W. Laughlin (BPR#002120)
Counsel for Anthony Nathan Smith

LAUGHLIN, NUNNALLY, HOOD & CRUM, PC
100 South Main Street
Greeneville, TN 37743

## CERTIFICATE OF SERVICE

I hereby certify that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 19th day of June, 2020.

/s/Jerry W. Laughlin
Jerry W. Laughlin

L:\Criminal\Smith, Anthony (U.S. vs. 19-2101\Memorandum in Support of Motion No. 1 to Dismiss Count Six of Indictment