IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) Case No. 2:19-CR-96 |
| | ) |
| ANTHONY NATHAN SMITH | ) |

**MEMORANDUM IN SUPPORT OF MOTION NO. 2 OF
ANTHONY NATHAN SMITH FOR DISMISSAL OF COUNT SIX OF
THE INDICTMENT BECAUSE OF THE DESTRUCTION OF LAW
ENFORCEMENT OFFICERS OF CRITICAL EVIDENCE
VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS**

Anthony Nathan Smith has moved to dismiss Count 6 of the Indictment against him in this case because of what he believes to be the destruction or discarding by law enforcement officers of critical evidence, consisting of the Acura automobile and the backpack and its other contents in which methamphetamine was allegedly found in the backseat area of the vehicle in which he was a passenger in the front seat thereof on February 7, 2019, and submits that if this has occurred it was in violation of his right to receive such evidence, and violated his right to due process and a fair trial in this case.

In general the Government is required to preserve all evidence subject to disclosure under any of the Federal Rules of Criminal Procedure or under Brady v. Maryland, 373 U.S. 83(1963), Giglio v. United States, 405 U.S. 150 (1972). See also United States v. Tincher, 907 S. 2d 600, 602 (6th Cir. 1990) and United States v. Clark, 957 F. 2d 248, 251 (6th Cir. 1993).

-1-

In Arizona v. Youngblood, 488 U.S. 51, 58 (1988), the Court declined to impose on the police "an undifferentiated absolute duty to obtain and preserve all material that might be of conceivable evidentiary significance...."

Nevertheless, the backpack that allegedly contained the methamphetamine, and its other contents, for which Mr. Smith is charged, are surely relevant and material evidence of his guilt or innocence in this case, and not nearly something that "might be of conceivable evidentiary significance." Mr. Smith has been continuously incarcerated since his arrest on February 7, 2019, and unable to do anything to locate or preserve such evidence since that time.

Because on February 7, 2019, Mr. Smith was then arrested and accused of possessing methamphetamine with intent to distribute, even though he was not found to be in actual possession of that substance, the significance of this backpack and its other contents was readily apparent on that date of his arrest, and those items certainly should have been preserved by law enforcement officials. In fact, Mr. Smith cannot fathom that there is any reason they would not have been preserved if law enforcement thought that they were evidence of his guilt, but instead he submits that because those items would be evidence of his innocence, and would constitute exculpatory evidence, it was bad faith on the part of law enforcement authorities to destroy or otherwise not preserve those items and allow them to be destroyed or discarded.

Therefore, because law enforcement agents did not act in good faith in failing to preserve such evidence, when the exculpatory value of that evidence was apparent before its

Case 2:19-cr-00096-JRG-CRW  Document 337  Filed 06/19/20  Page 2 of 3  PageID #: 659

destruction or discarding, and the nature of the evidence is such that Mr. Smith is unable to obtain comparable evidence by other reasonable available means, he submits that the destruction or discarding thereof by law enforcement is in violation of his due process rights and right to a fair trial in this case, and for that reason Count 6 of the Indictment must be dismissed.

WHEREFORE, for the reasons aforesaid, Mr. Smith respectfully submits that Count 6 of the Indictment in this case against him must be dismissed because of this egregious violation of his due process rights and right to a fair trial in this case that cannot now be remedied.

/s/Jerry W. Laughlin
Jerry W. Laughlin (BPR#002120)
Counsel for Anthony Nathan Smith

LAUGHLIN, NUNNALLY, HOOD & CRUM, PC
100 South Main Street
Greeneville, TN 37743

## CERTIFICATE OF SERVICE

I hereby certify that notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 19th day of June, 2020.

/s/Jerry W. Laughlin
Jerry W. Laughlin

L:\Criminal\Smith, Anthony (U.S. vs. 19-2101\Memorandum in Support of Motion No. 2 to Dismiss Count Six of Indictment

-3-

Case 2:19-cr-00096-JRG-CRW   Document 337   Filed 06/19/20   Page 3 of 3   PageID #: 660